### LAVIN v. SECOND AVE. R. CO.

(Supreme Court, Appellate Division, First Department. December 22, 1896.)

STREET RAILROADS—NEGLIGENCE—INJURIES TO CHILD.

The driver of a street car which is not going at a rapid rate, and is well under control, cannot be held negligently responsible for the death of a child who falls upon the track in an attempt to cross the street 18 feet in front of the car; the brake having been applied, so that the car had almost stopped when it reached where the child lay, and the horses having been successfully turned aside.

Appeal from trial term, New York county.

Action by Francis Lavin, as administrator of the estate of Ellen Agnes Lavin, deceased, against the Second Avenue Railroad Company, to recover for the death of the latter, resulting from the alleged negligence of one of its drivers. From a judgment in favor of plaintiff, entered upon the verdict of a jury, and from an order denying defendant's motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Payson Merrill, for appellant.
A. H. Hummel, for respondent.

PATTERSON, J. We are of opinion that the evidence introduced by the plaintiff was insufficient to sustain the allegation of the complaint that the accident which resulted in the death of the plaintiff's intestate was due to the negligence of the defendant, and that for that reason the motion for a nonsuit should have been granted. It appears that the child was crossing from the west side to the east side of the Second avenue, at about the middle of the block between 106th and 107th streets. The defendant's car was proceeding northward on the easterly track. The accident was witnessed by two spectators called by the plaintiff, viz. Healey and Monahan. Healey testified that, some 20 minutes before the accident occurred, he saw the child pass from the east to the west side of the street, and about 15 minutes afterwards return towards the east side. There was at first some little confusion in Healey's testimony respecting the direction in which the girl was going, but it is quite clear from his answers to the court that she was going from the west to the east, and that she had safely crossed the westerly track. He says that, when he first saw the car, the child was not near the track, but that she was from 13 to 18 feet away. The witness was on the east side of the street, directly opposite to her. The horses were about 5 feet from her when he saw her on the track. The driver pulled the

horses to the west, evidently attempting to turn them, so that the child would not be struck. This witness called the attention of Monahan to the child on the track, and says that the driver was stopping the car, but he could not stop it. The car came up slowly, and made a little jump backward when the child was struck. It was a light car, and hit her on the side. The driver stopped it so quickly that it jumped a little from the track. The car had about stopped already, and was not stopped by striking the child, and the wheel did not go over the child. The witness Monahan first saw the child lying across the track, with the wheel of the car about seven feet away from her. He did not see the child struck by the car, nor thrown down, nor in what direction the horses were. He saw that the driver had his hand on the brake. There is a slight grade on Second avenue, sloping to the north, and it was such a grade that could be noticed.

We thus have the case of a child attempting to cross the street 18 feet or more in front of a horse car, which is not going at a rapid rate, and which appears to have been under the control of the driver, and that child having apparently room enough to cross the track in safety, but falling upon the track very near to approaching horses, not driven carelessly, but presumably with care, and the driver of the car, seeing the child on the track, applying his brake, so that the car almost stopped when it reached the point at which the child lay, he having successfully turned his horses aside, so that they would not reach the prostrate body. That is substantially all there is in the record to show how the accident occurred. How is it to be inferred that there was negligence on the part of the driver? He may have seen the child at a distance of 18 feet in front of his horses, and could properly judge that she would pass over the track safely. Is negligence to be inferred from the simple circumstances that she fell when the car was but a few feet away from her? It certainly cannot be considered negligence because the driver did not stop the car immediately on seeing the child at a distance.

The case is in its main feature like that of Fenton v. Railroad Co., 126 N. Y. 625, 26 N. E. 967. There the child fell on the track, 20 feet in front of a horse car. Here the greatest distance at which the child was observed was from 13 to 18 feet. She certainly fell upon the track, and the only negligence that could be imputed to the driver would be his not having stopped the car completely within the space mentioned. The language of the court in the Fenton Case is entirely appropriate to this:

"If it be assumed that the boy fell twenty feet in front of the horses, as testified to by one of the plaintiff's witnesses, then the horses, going at the usual rate of speed, assuming it to be six miles an hour, would have reached him in about two seconds, and that was all the time the drivers had to see the peril, apply the brake, and arrest the motion of the car before reaching him; and there is no evidence that, by the exercise of all the vigilance that the law requires of drivers under such circumstances, they could, after the boy had fallen upon the track, have arrested the car in time to save him from injury. If it be assumed that they saw him as he approached the track, they had the same reason to suppose that he would get across that he had, and he probably would have crossed

in front of the horses in safety if he had not fallen. No negligence can be attributed to the drivers because they did not apply the brake before the boy fell, because then, for the first time, the peril commenced had became apparent."

The judgment and order appealed from should be reversed, and a new trial granted, with costs to abide the event. All concur.